IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER, #R02343, <br><br> Plaintiff, <br><br> v. <br><br> BROOKHART, *et al.*, <br><br> Defendants. | Case No. 22-cv-00632-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff James Walker, an inmate of the Illinois Department of Corrections who is currently incarcerated at Sheridan Correctional Center, filed this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Lawrence Correctional Center ("Lawrence"). The Court conducted a merit review of the Complaint pursuant to 28 U.S.C. § 1915A, and Plaintiff is proceeding on an Eighth Amendment claim against Defendants Ward and Welly for deliberate indifference to his gastrointestinal issues. (Doc. 10). Before Defendants had been served and answered the Complaint, Plaintiff filed a motion for leave to file an amended complaint that is currently before the Court. (Doc. 23). Plaintiff states that he seeks to amend in order to replead claims against Defendants Shah, Sawyer, Dunlap, Baker, Henson, Fiers, Niekirk, Riggs, Purdue Taylor, and Jane Does 1-9, which were dismissed in the Court's Merit Review Order.

  Federal Rule of Civil Procedure 15 allows a plaintiff to amend his complaint as a matter of course before a responsive pleading is served. FED. R. CIV. P. 15(a)(1). This right, however, "is

not absolute." *Arlin-Golf, LLC v. Vill. Of Arlington Heights,* 631 F. 3d 818, 823 (7th Cir. 2011). The Court "may deny leave to amend if the proposed amendment fails to cure the deficiencies in the original pleading." *Id.* (internal quotations and citations omitted). The Court finds that Plaintiff's proposed amended complaint fails to cure the deficiencies identified in the Merit Review Order. Additionally, the allegations Plaintiff is attempting to reassert would not be properly brought in this case. As more fully explained below, the motion for leave to file an amended complaint will be denied.

## DISCUSSION

Plaintiff claims that he suffers from arthritis, sinusitis, and gastrointestinal problems, which are treated with medicine. He states that at various times during his confinement, Defendants prevented him from timely obtaining medical care and necessary medications. Plaintiff asserts his claims under the Eighth Amendment for deliberate indifference to his medical needs.

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted or failed to act with deliberate indifference to the risk of harm from that condition. *Id.; see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

### I. *Back Pain and Sinus Condition*

Plaintiff again has failed to state a claim for deliberate indifference regarding treatment for his congestion and back pain. Contrary to his assertion that he wishes to amend the Complaint to include additional information about his interactions with Defendants, he actually provides less information. He still asserts that he had a single interaction with Jane Does 1, 2, 3, 4, and 5, who

are nurses, about his back pain and sinus and allergy problems, but he does not provide any details about these interactions. He has omitted his conversations with each nurse, which were provided in the original Complaint. Based on these conversations, the Court had found that Plaintiff failed to plead that Defendants' conduct amounted to deliberate indifference. (Doc. 10, p. 7-8). Plaintiff now asserts in more general terms that he repeatedly requested treatment for his back pain and allergy conditions and was denied care. The same is true for Jane Doe 6. In the proposed amended complaint, Plaintiff states that "he repeatedly had been inquiring about them [pain meds] for months to Jane Doe 6 to no avail." He does not provide any information regarding these inquiries, whether they were in person or written, when they occurred, what was said or written, and whether he received any kind of response. Plaintiff omits his conversation with Jane Doe 6 in the health care unit, and how he stated at the time he saw her, his cold symptoms were "almost gone." (Doc. 1, p. 18). Accordingly, allowing Plaintiff to amend the Complaint to replead allegations against Jane Does 1-6 for deliberate indifference to his back pain and sinus issues would be futile.

As for Dr. Shah, Plaintiff states that Dr. Shah did not inform him at his appointment in August of 2020 that he, Dr. Shah, would be discontinuing Plaintiff's pain medication. As the Court previously stated, "the fact that Dr. Shah discontinued his medication by itself" does not constitute deliberate indifference. (Doc. 10, p. 10). "There is nothing in the Complaint [or proposed amended complaint] from which the Court can infer that Dr. Shah knew that Plaintiff was still suffering from pain after the pain medication was discontinued, and Dr. Shah consciously disregarded the risk it posed." (*Id.*). Plaintiff has again failed to state a claim against Dr. Shah.

The pleading standard of Federal Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which is what Plaintiff has pled here. See *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The sparse allegations in the proposed amended complaint are insufficient to allow a plausible inference that the Jane Does and Dr. Shah acted with deliberate indifference to Plaintiff's sinus and allergy problems and back pain.

## II. Missed Medical Appointment

Plaintiff has also not stated an Eighth Amendment claim against Sawyer and Dunlap regarding Plaintiff's missed medical appointment on August 28, 2020. Plaintiff states that on August 27, 2020, Sawyer did not bring the call sheet to his cell for him to sign and to alert him that he had a medical appointment the next day, and on August 28, Dunlap did not inform him of his call pass for the appointment. It was not until September, that Plaintiff learned from a nurse that he had an appointment scheduled in August, but it was recorded that Plaintiff had refused to attend.

There is nothing in the proposed amended complaint to suggest that Sawyer and Dunlap intentionally caused Plaintiff to miss his appointment or that they were the ones who falsely recorded that Plaintiff had refused to attend the appointment. But assuming their conduct was done with a malicious motive, this event does not rise to the level of a constitutional violation. Isolated instances of neglect or harassment are generally insufficient to support a claim of Eighth Amendment deliberate indifference. *See Gutierrez v. Peters,* 111 F.3d 1364, 1374 (7th Cir.1997). *See also Owens v. Duncan,* 788 F. App'x 371, 374 (7th Cir. 2019) (a single interaction with staff at sick call did not amount to deliberate indifference); *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009) ("[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment."). Accordingly, these facts do not state a claim for an Eighth

Amendment violation.

### III.    *Medical Permits*

Plaintiff also reasserts his claims regarding the failure on the part of Defendants to honor his medical permits for daily laundry use and an extra roll of toilet paper. Again, Plaintiff includes less factual allegations in the proposed amended complaint than in the Complaint. Here, Plaintiff states that Defendants Baker, Dunlap, Henson, Sawyer, Fiers, Neikirk, and Riggs denied him the usage of his medical permit to do his laundry daily in October and November 2020 because they were not properly monitoring the laundry room. He states that he informed Defendants "personally about the problems it was to no avail." The Complaint further explains, however, that his laundry was being thrown to the side and that the non-inmate workers were allowed "to clog up the laundry room with bags," preventing Plaintiff from doing his laundry daily. Again, a "deprivation of this nature does not rise to the level of a constitutional violation." (Doc. 10, p. 11).

As for Plaintiff's toilet paper permit, he states that Purdue, Taylor, Jane Doe 7, and Jane Doe 8 denied him the "usage of his medical permit in May of 2021 to August of 2021." He states he made repeated requests for his extra roll of toilet paper to "no avail." Plaintiff asserts that at some point when he asked Jane Doe 8 about the toilet paper, she told him it would come Sunday, but it did not come. Plaintiff says he grieved the conduct, and the grievance was denied.

These facts are too vague to state a claim for deliberate indifference on the part of Defendants. Notable, is that according to Plaintiff's exhibits submitted with both his proposed amended complaint and Complaint, he wrote a grievance about the lack of toilet paper on August 5, 2021, the grievance was not denied but affirmed. The grievance officer confirmed that Plaintiff was to receive an extra roll of toilet paper per week, and he was placed on the "supply line each week." (*See* Doc. 1, 57-58). It appears that once he used the administrative process, his issues were

corrected, which does not show deliberate indifference on the part of staff.

### IV.    *Ankle and Leg Injury*

Finally, Plaintiff asserts that Purdue and Jane Doe 9 acted with deliberate indifference to an ankle and leg injury. He states that at some point he moved cells and was assigned to a top bunk. Prior to the move, Plaintiff submitted requests to have his low bunk permit renewed. When he was first ordered to move cells, Plaintiff told Purdue of his concerns of falling but was ignored. Then one day, in June 2021, while climbing down from the top bunk he fell, injuring his right leg and ankle. Plaintiff "immediately alerted Purdue and submitted for sick call to Jane Doe 9 on the same day to no avail." Plaintiff again fell again a five days later. When he saw Jane Doe 9, he was issued a low bunk permit, but nothing was done to address the swelling of his ankle or pain.

Although Plaintiff has stated a colorable claim, like the other allegations, Plaintiff's claim of deliberate indifference against Jane Doe 9 and Purdue are not properly joined in this case. The Court is only required to allow the joinder of parties when the claims arise from the same transaction or series of related transactions. *See Wheeler v. Wexford Health Services, Inc.,* 689 F. 3d 680, 683 (7yh Cir. 2012) (citing FED. R. CIV. P. 18, 20; *George v. Smith*, 507 F. 3d 605 (7th Cir. 2007)). Currently, Plaintiff is proceeding on one count against Defendants Ward and Welly for inadequate medical care of his gastrointestinal issues in 2020. Although Plaintiff's allegations in proposed amended complaint all have to do with his medical care while at Lawrence, his factual assertions span from 2019 through 2021 and involved different individuals and medical conditions. None of the renewed allegations, including the claim against Jane Doe 9 and Purdue, involve Ward or Welly. The Court finds that Plaintiff's additional allegations regarding treatment of his sinuses, back pain, ankle and leg injury, and refusing to honor medical permits do not arise out of the same serious of transactions as his claims against Ward and Welly concerning his gastrointestinal

condition.

Because many of Plaintiff's allegations do not state a claim for a constitutional violation, and "[u]nrelated claims against different defendants belong in different suits," the Court will not allow Plaintiff to amend his Complaint. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (internal citation omitted). The motion for leave to amend the complaint is denied.

### MOTION FOR NOTICE

Plaintiff has also filed a document titled "Notice to the Court Motion." (Doc. 27). He states that in anticipation of Defendants seeking sanctions against him for not providing his full litigation history and disclosing that he has received three strikes, he would like to put forth arguments for why sanctions should not be imposed, and he should be allowed to continue litigating this case. The motion is premature. Defendants have not sought sanctions in this matter, and the motion is **DENIED.**

### DISPOSITION

For the reasons stated above, the motion for leave to file an amended complaint is **DENIED.** (Doc. 23). The Motion to Notify the Court is **DENIED.** (Doc. 27).

**IT IS SO ORDERED.**

**DATED: November 27, 2023**

          *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**