IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>PAM WARD, and<br>TAMMY WELTY,<br><br>    Defendants. | Case No. 22-cv-00632-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for summary judgment on the issue of exhaustion filed by Defendants Pam Ward and Tammy Welty. (Doc. 56). Plaintiff has filed a response in opposition to the motion. (Doc. 59). For the following reasons, the motion is denied.

### BACKGROUND

Plaintiff James Walker, an inmate of the Illinois Department of Corrections who is currently incarcerated at Sheridan Correctional Center, initiated this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. In the Complaint, Plaintiff alleges that in June 2020, while he was housed at Lawrence Correctional Center, he began experiencing gastrointestinal problems, mainly stomach pain. He believes his stomach issues were caused by the constant eating of cold breakfasts, lunches, and dinners. (Doc. 1, p. 19). For months, Plaintiff made requests for medical care of his stomach pain, but his condition remained untreated. (*Id.* at p. 21). More specifically, these requests were ignored by Defendants Nurse Pam Ward and Nurse Tammy Welty. (*Id.* at p. 19). Plaintiff claims that his repeated requests submitted in June and July 2020 were disregarded by Ward. Around August 8, 2020, Plaintiff received medication refills by

Welty, but he did not receive a response or treatment concerning his stomach pain. When Plaintiff asked Welty about his requests to be seen by a medical provider, she told him to submit another sick call request, which had continued to be ignored. (*Id.*). Around October 21, 2020, Plaintiff again submitted a request to be seen at the health care unit for stomach pains but "to no avail." (*Id.* at p. 21). Following review of the Complaint pursuant to 28 U.S.C. §1915A, Plaintiff is proceeding with an Eighth Amendment deliberate indifference claim against Ward and Welty. (Doc. 10).

On May 1, 2024, Defendants Ward and Welty filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to initiating this lawsuit, and therefore, Plaintiff's claim against them should be dismissed. (Doc. 56, 57). Plaintiff opposes the motion. (Doc. 59).

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an

evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Roberts v. Neal,* 745 F. 3d 232, 236 (7th Cir. 2014). Where there is no disputed issue of fact, as in this case, a hearing is not necessary.

## II.     Exhaustion of Administrative Remedies

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion of available administrative remedies must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

## III.    Grievance Procedure

As an inmate in the custody of IDOC, Plaintiff was required to follow the grievance procedure laid out in the Illinois Administrative Code ("grievance procedures"). 20 ILL. ADMIN. CODE § 504.800, *et seq*. The grievance procedures direct an inmate to file a grievance first with the Counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). The grievance form must:

> [C]ontain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c). Grievances that are unable to be resolved through routine

channels are then sent to a Grievance Officer. *See* 20 ILL. ADMIN. CODE § 504.820(a). The Grievance Officer will review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). The Grievance Officer must submit his findings to the Chief Administrative Officer (CAO) within two months after receiving the grievance. 20 ILL. ADMIN. CODE § 504.830(e). The CAO then reviews the findings and recommendation of the Grievance Officer and issues a written decision to the inmate. *Id.* If the inmate is not satisfied with the response, he can file an appeal with the Administrative Review Board (ARB). *See* 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days after the date of the decision by the CAO, and copies of "the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." *Id.* Only after a grievance is reviewed by the ARB is it deemed exhausted. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002).

## ANALYSIS

The issue of exhaustion in this case can be resolved by looking to one grievance, Grievance #08-20-182, dated August 8, 2020. (Doc. 59, p. 22). In the grievance, Plaintiff complains that he has been suffering from various physical ailments – back pain from arthritis, sinusitis, and gastrointestinal problems potentially stemming from a prior gunshot wound. He states at various times during his confinement he has been prevented by healthcare officials from obtaining necessary medical care and medications. Plaintiff writes that on June 9, 2020, he needed treatment for his stomach pain, caused by constantly eating cold meals, and his request for medical treatment went ignored. He also grieves that he made a request for treatment of his stomach problems on July 19 and July 29, 2020 on a refill request form, but the healthcare unit again ignored his request. He recounts that on August 8, 2020, he asked the nurse passing out medication about his "sickcall" request and was told to again put in for sickcall. Plaintiff states:

> At all relevant times herein, the Grievant had serious medical needs relating to his stomach pain, and the healthcare official herein knew of and/or were advised of those needs. The healthcare officials individually and collectively were deliberately indifferent to Grievant's medical needs as they intentionally or deliberately failed to provide Grievant with the treatment that was required for those needs.

(*Id.* at p. 23).

It is not disputed that Grievance #08-20-182 was properly filed and appealed in accordance with grievance procedures. Rather, Defendants argues that this grievance cannot serve to exhaust Plaintiff's claims against him because the grievance does not contain sufficient detail regarding their involvement in the alleged denial of medical care. (Doc. 57, p. 10). Defendants point out that Plaintiff does not name them in the grievance; nor are they mentioned in the Grievance Officer's response, who recounts Plaintiff's numerous medical appointments. According to Defendants, there is simply no evidence that Plaintiff was treated by either of them for stomach pain during the timeframe referenced in the Complaint, and the grievance fails to put them on notice of the allegations made in this case. As such, the grievance could not have exhausted Plaintiff's administrative remedies.

Plaintiff counters that Grievance #08-20-182 provided sufficient factual detail to alert prison officials of his problem and a chance to correct it, which is the purpose of the grievance system. (Doc. 59, p. 2) (citing *Jones v. Block,* 549 U.S. 199, 219 (2007)). He contends that while he may not have mention Ward and Welty by name in the grievance, he is not required to put each individual on notice of a claim against him. (*Id.* at p. 7) (citing *Jones,* 549 U.S. at 219)). At the time of writing the grievance, Plaintiff did not know the names of Ward and Welty. (*Id.* at p. 10). Despite, not knowing their names, he contends he followed the Illinois Administrative Code and included in the grievance factual details regarding what happened and when and where it happened. (*Id.* at p. 6) (citing 20 ILL. ADMIN. CODE §504.810(c)). He argues that the sufficiency

of the grievance is supported by the fact that information included in the grievance was used during initial discovery to identify Ward and Welty, who were originally named as Jane Does in the Complaint. For these reasons, he believes he has exhausted his administrative remedies as to his claim against Ward and Welty, and the motion for summary judgment should be denied.

The Court agrees with Plaintiff that Grievance #08-20-182 meets the content requirements of the grievance procedures and sufficiently put prison officials on notice that his stomach issues and pain were going untreated. Although, Plaintiff does not state the names of Ward and Welty in his grievance, this omission is not "fatal to the issue of exhaustion." See *Arce v. Wexford Health Services*, No. 18-cv-1348-SMY-GCS, 2019 WL 6702692, at *5 (Oct. 9, 2019). As Plaintiff states, the grievance process is not intended to provide individual notice to each defendant who might be sued later, and a grievance is not "per se inadequate simply because an individual later sued was not named in the grievances." *Jones,* 549 U.S. at 219. Here, Plaintiff provided enough information to alert prison officials that he had not received medical care for his stomach complaints, despite repeated requests. Additionally, in accordance with grievance procedure, he describes those he believed were involved with denying or ignoring his requests, even though he did not know their identities. He states that someone in the healthcare unit ignored his requests for medical care on June 9 and July 19 and 29, and he describes his interaction with a nurse who was dispensing medication on August 8. Thus, construing the evidence in Plaintiff's favor, Grievance #08-20-182 served its necessary function, and the motion for summary judgment is denied. See *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (citing *Jones*, 549 U.S. at 219; *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013)).

## DISPOSITION

For the reasons stated above, the motion for summary judgment filed by Defendants Ward

and Welty is **DENIED**. (Doc. 56).

The stay on merits discovery is **LIFTED**, and the parties can proceed with discovery on the merits. A new scheduling order will be entered by separate order.

**IT IS SO ORDERED.**

**DATED: February 18, 2025**

                                             _s/Stephen p. McGlynn_
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**