**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JAMES E. WALKER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PAM WARD, and**<br>**TAMMY WELTY,**<br><br>**Defendants.** | **Case No. 22-CV-00632-SPM** |

**MEMORANDUM AND ORDER**

**McGLYNN, District Judge:**

Pending before the Court is a Motion for Summary Judgment, (Doc. 64), and accompanying Memorandum, (Doc. 65), filed by Defendants Pam Ward and Tammy Welty. *Pro se* Plaintiff James E. Walker filed a Response, (Doc. 69), and Defendants filed a Response to Additional Material Facts, (Doc. 70), and a Reply, (Doc. 71). Walker filed a Sur-Reply (Doc. 72). Having been fully informed of the issues presented, this Court **GRANTS** Defendants' Motion for Summary Judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

*Pro se* Plaintiff James E. Walker is an inmate who at all relevant times was an inmate at Lawrence Correctional Center in Sumner, Illinois. (Doc. 1). The instant suit arises from Walker requesting multiple sick calls that Nurse Pard Ward allegedly ignored, and Walker telling Nurse Tammy Welty that his sick calls were

[1] Walker makes numerous objections to Defendants' statement of undisputed facts. (Doc. 69). The Court has considered each objection.

being ignored, but Nurse Welty merely telling him to put in another sick call. (Docs. 1, 10). Walker alleges that Nurses Pam Ward and Tammy Welty were deliberately indifference in violation of the Eighth Amendment. (Docs. 1, 10).

Walker originally brought suit on March 28, 2022, against numerous Defendants, including Jane Doe 7, since identified as Nurse Ward, and Jane Doe 8, since identified as Nurse Welty. (Docs. 22, 24, 36, 38). On May 8, 2023, the Court conducted a preliminary review of Walker's Complaint and consolidated Walker's claims into seven counts, including Count 2: an Eighth Amendment claim against Jane Does 7 and 8 for deliberate indifference to Walker's stomach pains. (Doc. 10). The Court dismissed all counts except for Count 2 because Walker failed to state claims upon which relief could be granted. (*See* Doc. 10).

In the early 1990s, Walker was shot in the stomach. (Doc. 65-1, pp. 8–9). Although he underwent surgery, he has suffered from stomach issues and constant light stomach pain thereafter (*Id.*, pp. 8–10).

In June 2020 during a COVID lockdown, Walker's food trays were consistently delivered with cold food. (*Id.*, p. 11; Doc. 69, p. 46). When he ate cold food, he would get stomach cramps, diarrhea, and experience painful bowel movements. (Doc. 65-1, pp. 11–12). He did not experience these side effects when he ate hot food. (*Id.*).

In June and July 2020, Nurse Ward was responsible for scheduling some of the appointments from sick call requests. (Doc. 69, p. 22). Walker made three sick call requests that Nurse Ward was responsible for handling. (*Id.*, pp. 126–27). First, on June 9, 2020, Walker reported that he had been experiencing constant stomach pain

and had been throwing up all week because he had been eating cold food. (*Id*., p. 126). He was seen by a non-party nurse on June 18, 2020, and he was referred to a nurse practitioner so that he could be prescribed an acid reducer. (Doc. 65-2, p. 5; Doc. 65-3, p. 2; Doc. 65-4, p. 1; Doc. 69, p. 66). Second, on July 19, 2020, Walker reported that he had been having stomach pain and throwing up after eating his cold food trays. (Doc. 69, p. 127). There is no record that he was seen in response to this request. Third, on July 29, 2020, Walker reported that he had been throwing up and experiencing constant stomach pain after eating cold food for the two previous weeks. (*Id*.). There is no record that he was seen in response to this request.[2]

On August 8, 2020, Nurse Welty brought Walker medications unrelated to this lawsuit. (Doc. 69, pp. 32–33, 49). Walker asked Nurse Welty about his outstanding sick call requests for his stomach issues, and Nurse Welty told him to put in another sick call request. (*Id*.).

Walker put in additional sick call requests related to his stomach issues on August 22, 2020, October 21, 2020, and November 4, 2020, and he was first seen by a doctor for his stomach issues on August 25, 2020. (Doc. 65-2, p. 6; Doc. 69, pp. 128–29). These events, however, are beyond the scope of this lawsuit. (*See* Doc. 10).

Walker estimates that during the time he was experiencing stomach problems from eating cold food, he was vomiting about once per week. (Doc. 69, p. 63). Despite his stomach problems, Walker was never diagnosed as malnourished. (*Id*., p. 64). His

[2] Walker also made a sick call request on June 23, 2020, where he reported that he was "still having stomach pain from the food trays." (Doc. 69, p. 126). There is no allegation that Nurse Ward was responsible for handling this request. (*Id*., 22).

weight was recorded on February 20, 2020, at 196.2 lbs., on March 5, 2020, at 199.6 lbs., and August 25, 2020, at 193.8 lbs. (Doc. 65-2, pp. 2–3, 6). Although Walker was seen by medical personnel numerous times after this incident, and he has been prescribed numerous medications, he has not received a specific diagnosis.

## APPLICABLE LAW AND LEGAL STANDARDS

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (quoting FED. R. CIV. P. 56(a)). After the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); s*ee Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Stated another way, the nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) *(*citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No issue remains for trial, however, if "sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640–41 (7th Cir.

2008) (quoting *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008)). The non-movant cannot simply rely on its pleadings; the non-movant must present admissible evidence that sufficiently shows the existence of each element of its case on which it will bear the burden of proof at trial. *Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995) (citing *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995); *Greater Rockford Energy & Tech. Corp. v. Shell Oil Co.,* 998 F.2d 391, 394 (7th Cir. 1993), *cert. denied*, 510 U.S. 1111 (1994); *Celotex*, 477 U.S. at 323–24).

## ANALYSIS

The Eighth Amendment prohibits cruel and unusual punishment and deliberate indifference to the "serious medical needs of a prisoner [which] constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 828 (7th Cir. 2009) (citation omitted). It is well-settled that mere negligence is not enough to establish a defendant's deliberate indifference. *See, e.g.*, *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986). In fact, even gross negligence is insufficient. *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). Instead, deliberate indifference is comparable to criminal recklessness. *Thomas v. Blackard,* 2 F.4th 716 (7th Cir. 2021) (citing *King*, 680 F.3d at 1018). "'Reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002) (quoting *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999)).

Claims for deliberate indifference have an objective and a subjective component. *Estelle v. Gamble*, 429 U.S. 97 (1976). Walker must establish that he

suffered from an objectively and sufficiently serious medical condition. *Cesal v. Moats,* 851 F.3d 714, 721 (7th Cir. 2017). "Objectively serious medical needs are those that have either been diagnosed by a physician and demand treatment, or are 'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)). Walker must also show that Defendants actually knew of, but disregarded, a substantial risk to his health. *See id*. "Intentional delays in medical care may constitute deliberate indifference, even if the inmate's medical condition is non-life threatening." *Id.* at 722 (quoting *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011)).

Here, Walker was experiencing gastrointestinal distress, including throwing up about once per week and ongoing stomach pain. (Doc. 69, pp. 63, 126–27). He has not been diagnosed by a physician, so the Court must look to whether his symptoms are so obviously severe that even a lay person would easily recognize the necessity for a doctor's attention. *See Cesal,* 851 F.3d at 721.

Generally, stomach pains, diarrhea, and nausea, although certainly unpleasant, do not rise to the level of a serious medical need. *See Willis v. Pfister*, No. 18-CV-00333-SCS, 2024 WL 216672, at *9 (N.D. Ill. Jan. 19, 2024). It may be a serious medical issue, however, where it is unusually severe or unusually frequent. *Id.*; *see Gayton v. McCoy*, 593 F.3d 610, 621 (7th Cir. 2010) ("Vomiting, in and of itself, is not an uncommon result of being mildly ill, and, absent other circumstances (e.g., vomiting continuously for a long period of time, having blood in one's vomit, or the like), does not amount to an objectively serious medical condition.").

Walker's allegation that he was throwing up about once per week and experiencing ongoing stomach pain and other gastrointestinal distress does not appear to have had broader impacts on his health. Throughout the operative time period, he maintained a relatively consistent weight, and he has not been diagnosed as malnourished. (Doc. 65-2, pp. 2–3, 6; Doc. 69, p. 64). Given this, the Court cannot say that his symptoms from June through August 2020 were so obviously severe that even a lay person would easily recognize the necessity for a doctor's attention. *See Turner v. Boughton*, No. 19-CV-01001-JDP, 2023 WL 6647117, at *1 (W.D. Wis. Oct. 12, 2023) ("sharp abdominal pains, nausea, lightheadedness, a brief period of high blood pressure, and diarrhea—were not severe enough to support an Eighth Amendment claim").

## CONCLUSION

For the reasons set forth above, Pam Ward and Tammy Welty's Motion for Summary Judgment (Doc. 64) is **GRANTED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: September 28, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**